LYONS, Justice
(concurring in the rationale in part and concurring in the judgment).
I concur in the disposition of the issue of waiver in the majority opinion. I also concur in the determination that Jim Allen and Sea Star made a sufficient showing of a substantial effect on interstate commerce, although not necessarily in the rationale supporting that determination. The presence of the arbitration clause in what the majority calls an “overarching agreement,” 798 So.2d at 672, is not as significant as the state of the record concerning the relationship between the matter before us and interstate commerce.
The complaint alleges that Sea Star conveyed 200 acres of land to Hardigree and Cameo in exchange for their agreement to build a golf course on the property. Sea Star was to receive a percentage of the *676 revenues. The complaint also alleges that Hardigree and CAMCO contracted with Golf Engineering Group, Inc., for the construction of the golf course. The affidavit of Allen establishes that Golf Engineering is “located” in Florida. The parties to this litigation are Alabama residents.
Major portions of Jim Allen’s affidavit, submitted in support of the contention that the matter before us had a substantial effect on interstate commerce, deal with the contemplated effect on interstate commerce. However, as this Court noted in Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759, 760 (Ala.2000), “In Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (‘Terminix ’), the United States Supreme Court held that for an arbitration clause to be enforceable under the FAA the transaction to which the contract i*elates must turn out, in fact, to involve interstate commerce, regardless of the contemplation of the parties. Id. at 278, 115 S.Ct. 834.” (Emphasis added.) Nevertheless, the affidavit speaks to conditions as they existed at the time of the third amendment to the agreement and it states that as of that time a “significant portion” of the design and construction of the golf course had already been performed. Then it states that, of the materials, equipment, and supplies that were being used in construction of the golf course as of that time, the “vast majority” were involved in interstate commerce. It then lists 10 items moving from other states.
Hardigree’s affidavit, offered to contradict evidence indicating that the matter before us had a substantial effect on interstate commerce, describes activities of several Alabama contractors performing dirt work, clubhouse construction, irrigation, excavation work, and sodding. However, the affidavit does not quantify the relationship of this activity to the magnitude of the project as a whole. Nor does it give us a rationale for focusing our attention on the intrastate nature of the activities involved in these contracts and how they relate to the subject matter of the litigation. Finally, it does not contradict that portion of Allen’s affidavit describing completion of a “significant portion” of the design and construction of the golf course, ostensibly involving the work of the same contractors described in Hardigree’s affidavit, and the nexus between the work of these contractors and interstate commerce. Under the circumstances, I agree with the conclusion that Cameo and Hardigree did not adequately contradict Sea Star and Allen’s showing, albeit marginal, that the matter before us had a substantial effect on interstate commerce.
HOUSTON, J., concurs.